IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MONDELL SANKIEL GRAY,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION 13-00549-CB-B |
| **SAM COCHRAN, et al.,** | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a Mobile County Metro Jail ("Metro Jail") pretrial detainee proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, that it be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**I. Complaint. (Doc. 1).**

Plaintiff identified as Defendants, Mobile County Sheriff Sam Cochran and Metro Jail Warden Trey Oliver, III. (Doc. 1 at 5). Plaintiff's Complaint against them is extremely brief. The following are Plaintiff's pertinent allegations.

Plaintiff, who discharged his appointed criminal defense counsel due to ineffectiveness and denial of access to the courts, complains that the Metro Jail has no access to a law library. (Doc. 1 at 4). As a pretrial detainee, he complains that he cannot obtain information concerning legal and civil rights and needs this information because the Mobile County courts deny most pro se filings. (Id.). For relief, Plaintiff seeks $250,000 in punitive damages and $500,000 in compensatory damages "against all defendants in professional and/or personal capacity."

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490

2

(11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled

3

on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Claim for Denial of Access to Courts.**

Plaintiff's claim is for denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 2187 n.12, 153 L.Ed.2d 413 (2002) (recognizing that a right of access to courts arises from the First, Fourth, or Fourteenth Amendments). In the pivotal case of Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 346, 352, 116 S.Ct. at 2177, 2180. Later, in the case of Lewis v. Casey, 518 U.S. 343, 354, 116

4

S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996), the Court observed that an inmate's right of access to the courts can be fulfill in different ways, for example, access to law libraries, a system of court-provided forms, or minimal access to legal advice. Id. at 352, 116 S.Ct. at 2180. The Lewis Court also clarified that the Bounds decision "did not create an abstract, freestanding right to a law library or legal assistance[.]" Id. at 351, 116 S.Ct. at 2180. The Lewis Court noted "law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. (quotation marks omitted).

The Lewis Court went on to hold that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351, 116 S.Ct. at 2180. The inmate must show that he sustained an actual injury by showing that he was frustrated or impeded in attacking his conviction, directly or collaterally, or in a civil rights action seeking to vindicate basic constitutional rights. Id. at 354, 355, 116 S.Ct. at 2181-82; see Cunningham v. District Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010) ("The injury requirement means that the plaintiff

5

must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts."). The inmate must further show that the claim that he was advancing was a nonfrivolous claim. Lewis, 518 U.S. at 353, 116 S.Ct. at 2181.

This underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher, 536 U.S. at 415-16, 122 S.Ct. at 2187. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, Plaintiff alleges that he does not have "access to a law library and to courts." (Doc. 1 at 4). He does not identify the action for which he needs to have access to a law library. The only references in the complaint that relate to a court case are that he discharged his attorney and that he is pretrial detainee awaiting the grand jury. (Doc. 1 at 3, 5). Furthermore, Plaintiff makes no argument that he has a nonfrivolous claim in the unidentified underlying case. On the other hand, and most importantly, Plaintiff indicates that he was counsel represented until he discharged counsel. (Id. at 3).

6

The only type of case remotely suggested by Plaintiff's allegations is a criminal case that has been brought against him. If it is his criminal case for which Plaintiff needs access to a law library, an initial criminal case is not one of the actions identified in Lewis in which an injury for a claim for denial of access to courts can be established. Lewis, 518 U.S. at 355, 116 S.Ct. at 2182 (finding that an inmate's claim for denial of access to courts must be based on an underlying action that attacks a conviction, on a direct appeal or in a post-conviction proceeding, or that is a civil rights action seeking vindication of a basic constitutional right); cf. Wilson v. Blankenship, 163 F.3d 1284, 1287 (11th Cir. 1998) (finding that an in rem forfeiture action was not one of the actions specified by Lewis in which a claim for the denial of access to courts will lie); Demter v. Buskirk, No. CIV. A. 03-790, 2003 WL 22416045, at *3 (E.D. Pa. Oct. 20, 2003) (questioning whether a pretrial detainee can have a claim for denial of access to courts in connection with his then-pending criminal proceedings because the Supreme Court took pains to narrowly circumscribe the actions in which an actual injury can be found, but observing that no court had addressed the issue).

Furthermore, having had legal representation prevents Plaintiff from establishing that he has been deprived access to

the courts. Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir.) (unpublished) ("a criminal defendant who seeks to proceed pro se has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel") (listing prior circuit cases),[1] cert. denied, 132 S.Ct. 272 (2011); Edwards v. United States, 795 F.2d 958, 961 n.3 (11th Cir. 1986) ("When counsel is offered, the alternative of a library is not mandatory."), cert. denied, 481 U.S. 1019 (1987); Wilson, 163 F.3d at 1291 (finding inmate's claim that the absence of a law library at the jail caused him to plead guilty to the pending charge did not show a violation of his right of access to courts as he was represented by counsel); Baity v. Campbell, No. 4:10-CV-542-SPM-GRJ, 2011 WL 3648237, at *2 (N.D. Fla. July 13, 2011) (unpublished) (finding an inmate's claim for denial of access to a law library because he was dissatisfied with his court-appointed counsel's performance was frivolous); see also Kane v. Garcia Espitia, 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (holding in a habeas case that no clearly established right under federal law exists for access to a jail law library when a pretrial detainee is proceeding as a pro se defendant in a criminal case after he

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

declined to be represented by a lawyer). Accordingly, the undersigned determines that Plaintiff's claim is frivolous because it lacks an arguable basis in the law.

**B. Application of 42 U.S.C. § 1997e(e).**

In the alternative, 42 U.S.C. § 1997e(e) provides another basis for dismissal of this action. This section was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This section is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]" Id. at 1289.

Section 1997e(e) applies "only to lawsuits involving (1)

9

Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). All claims, including constitutional claims, are encompassed by the statute's clear and broad language, with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

In the present action, Plaintiff did not allege that he suffered a physical injury. And he requests only compensatory and punitive damages. Accordingly, § 1997e(e) applies to the present action and precludes Plaintiff from recovering compensatory and punitive damages inasmuch as he did not suffer a physical injury. For this alternative reason, Plaintiff's action is due to be dismissed without prejudice for failure to state a claim upon which can be granted. See Harris, 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, that it be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

11

Judge is not specific.

**DONE** this **1st** day of **August, 2014.**

                                    **/S/SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**